IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH FARMER, et al.,

        Plaintiffs,

v.                                                              Civil Action No. 2:13-cv-33521

C. R. BARD, INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are all remaining pretrial motions. All are ripe for adjudication.

I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 7,000 of which are in the Bard MDL, MDL 2187. In an effort to efficiently and effectively manage this MDL, I decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all *Daubert* motions and summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this

end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:10-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Thereafter, I entered orders on subsequent waves. Ms. Farmer's case was selected as a Wave 2 case by the plaintiffs. PTO # 118, No. 2:10-md-2187 [ECF No. 841].

## II. Legal Standards

### a. Summary Judgment

To obtain summary judgment, "the movant must show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In turn, to avoid summary judgment, the nonmovant must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### b. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, as the plaintiffs did here, I consult the choice-of-law rules of the state in which the implantation surgery took place—in this case, Florida. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product.").

For tort claims, Florida generally applies the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). Under section 145 of the Restatement (Second) of Conflict of Laws, the court must apply the law of the state with the most significant relationship to the occurrence and the parties. Here, the plaintiffs reside in Florida, and the product was implanted in Florida. The parties agree, as do I, that Florida law applies to this case. Accordingly, I will apply Florida law.

III. Discussion

    a. Bard's Motion for Summary Judgment [ECF No. 39]

Bard's Motion for Summary Judgment [ECF No. 39] is **GRANTED in part** as to the following conceded claims: manufacturing defect and breach of express and implied warranties.

For the following reasons, Bard's Motion for Summary Judgment [ECF No. 39] is also **GRANTED in part** as to the following claims: negligent inspection, marketing,

3

labeling, packaging, and selling. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001); *See also Payne v. C. R. Bard, Inc.*, No. 6:11-cv-1582, 2014 WL 1887297, at *2 (M.D. Fla. 2014).

Bard contends that the plaintiffs' claims for negligent inspection, packaging, marketing, and selling of the product fail for lack of evidence. The plaintiffs argue that Bard misconstrues the nature of their negligence argument, and that their allegations regarding the inspection, marketing, labeling, packaging, and selling of the product comprise part of their general negligence claim, rather than distinct theories of recovery. In short, the plaintiffs assert that Bard failed to adequately study or test its mesh products to determine if the products were adequately safe.

A review of the plaintiffs' Count I in the Master Complaint, Master Compl. ¶¶ 62–67, No. 2:10-md-2187 [ECF No. 199], reveals that the plaintiffs asserted three distinct negligence theories under "Count I." The bulk of the Count I allegations make claims for negligent failure to warn and negligent design defect. The other negligence allegations posit that Bard was "negligent . . . in designing, manufacturing, marketing, labeling, packaging, and selling" the product. *Id.* at ¶ 64. Thus, the plaintiffs' concern that Bard is misconstruing the plaintiffs' negligence claim are meritless; Bard simply chose to address the plaintiffs' different theories of negligence separately. However, apart from reciting allegations that form the plaintiffs' failure

to warn and design defect claims, the plaintiffs do not offer sufficient support to create a genuine dispute that Bard breached a legal duty that caused the plaintiffs' injuries in its "inspection, marketing, labeling, packaging, or selling" of the product. Accordingly, Bard's Motion on these points is **GRANTED**.

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims. Accordingly, to the extent Bard's Motion challenges any other claims, the Motion is **DENIED**.

### b. Bard's Motion for Partial Summary Judgment [ECF No. 37]

The question of whether a plaintiff is entitled to punitive damages often involves an interlocking web of factual determinations respecting the defendant's conduct. The evidentiary record is frequently muddled enough on the point that genuine issues of material fact remain. That is the case here. Consequently, Bard is not, at least at this stage of the case, entitled to judgment as a matter of law on the punitive damages claim. Thus, the Motion for Partial Summary Judgment [ECF No. 37] is **DENIED**.

### c. The plaintiffs' Motion to Strike [ECF No 162]

The plaintiffs seek to strike their Reply [ECF No. 142] for minor typographical errors. The underlying motion has already been ruled upon. Thus, the plaintiffs' Motion to Strike [ECF No. 162] is **DENIED as moot**.

### IV. Conclusion

The court **ORDERS** that Bard's Motion for Summary Judgment [ECF No. 39] is **GRANTED in part** and **DENIED in part**; Bard's Motion for Partial Summary Judgment [ECF No. 37] is **DENIED**; and the plaintiffs' Motion to Strike [ECF No. 162] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 21, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE